**Jo Ann CRIGHTON, Guardian of the Person and Estate of Paul A. Denney, Incompetent, Plaintiff-Appellant,**

v.

**Herman PLANK and Billie G. Plank, Defendants-Respondents.**

**No. 13807.**

Missouri Court of Appeals, Southern District, Division One.

June 25, 1985.

Robert W. Stillings, Springfield, for plaintiff-appellant.

B.H. Clampett, William Dalton, Daniel, Clampett, Rittershouse, Lilley, Dalton, Powell, and Cunningham, Springfield, for defendant-respondent Herman Plank.

GREENE, Judge.

Plaintiff, Jo Ann Crighton, guardian of the person and estate of Paul A. Denney, incompetent, appeals from the trial court's judgment declaring defendant Herman Plank to be the owner of certain real estate located in Stone County, Missouri.

Denney had deeded the property to Herman and his wife, Billie, on January 29, 1980. Denney was adjudicated to be incompetent on March 25, 1981, and Crighton was named as guardian of Denney's person and estate. Crighton then sued the Planks, contending that Denney was of unsound mind when he executed the deed to the Planks, and that the Planks had exerted undue influence on Denney in order to get him to deed the property to them. Crighton requested that the court cancel the deed and declare that Denney owned the property, free and clear of any claim by the Planks.

The trial court, sitting without a jury, heard evidence, after which it made findings of fact and conclusions of law and entered the judgment complained of here.

After trial, but prior to judgment being entered, Billie Plank and Paul Denney both died. The probate court continued the appointment of Crighton as guardian of Denney's estate.

On appeal, Crighton urges that 1) her evidence at trial raised a presumption of undue influence by the Planks, which presumption was not rebutted by the Planks, 2) the judgment was against the weight of the evidence, and 3) that the judgment was a misapplication of law "since the facts the court found to be true are inconsistent with the mental capacity required to make a valid transfer by deed."

There is substantial evidence in the record that Denney, who was 79 years old at time of trial, suffered a severe stroke on September 8, 1979. Upon his discharge from the hospital on September 14, 1979, he moved into the home of Billie and Herman Plank, Denney's daughter and son-in-law. Denney was totally dependent upon the Planks for the basic necessities of life, including being fed, bathed, dressed, given medication, and helped to use the toilet.

On January 29, 1980, at the Stone County Abstract Company, Denney executed the warranty deed in question. Marie Tilden, an employee of the abstract company, witnessed the signing of the deed. She testified at trial that Billie and Herman Plank wheeled Paul Denney into her office on January 29, 1980, that Paul Denney had his abstract and title to his Stone County property in his lap, that she had known Paul Denney for a number of years as a result of his coming into the office on other legal matters, that the Planks originally said absolutely nothing, that Paul Denney handed her the abstract and told her he wanted a

deed to them, pointing to Billie and Herman Plank. After this, Mrs. Tilden asked the Planks for their proper full names and address so she could put them on the deed. She testified that Paul Denney seemed to know exactly what he wanted to do, was not disoriented or confused, nor did he show any type of mental incapacity and, therefore, she prepared the deed and had him execute it.

Denney was moved to a nursing home on March 5, 1981, and was adjudicated to be incompetent on March 25, 1981. The lawsuit in question followed.

In its conclusions of law, the trial court found that a confidential relationship did exist between Denney and the Planks on the date the deed was executed, but that the relationship did not rise to the level that would constitute undue influence. In connection with this conclusion, the trial court noted:

> It would be strange indeed if Mr. Denney did not feel a closeness to the defendants since they alone had to minister to his every menial and most elemental needs of Mr. Denney including taking him to the bathroom, feeding him, and providing medication for some eighteen months. The Court must observe that none of the other children of Mr. Denney put up a bitter fight to provide this essential care for Mr. Denney following his release from the hospital.

 Proof of a confidential relationship, without more, does not raise an inference of undue influence or fraud, *Sebree v. Rosen*, 349 S.W.2d 865, 873 (Mo.1961), which is precisely the result the trial court reached on that issue in this case.

 As to the issue of whether Denney was mentally competent to execute the deed, the trial court regarded the testimony of Mrs. Tilden as crucial and stated her testimony was clear and convincing that when Denney executed the deed he knew what he wanted to do with his property and was not confused. Mrs. Tilden's testimony, coupled with that of three other witnesses for the Planks, was more than sufficient to dispel the incompetency allegation.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence and is not based on any erroneous declaration or application of law. This being so, the judgment should be, and is, affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

TITUS, P.J., and FLANIGAN, J., concur.